UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
BRIAN NIBLACK,                  :
        petitioner,             :
                                :              PRISONER
        v.                      :    Case No. 3:12cv1740(AWT)
                                :
JON BRIGHTHAUPT,                :
        respondent.             :
```

## RULING ON MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS

The petitioner, Brian Niblack, who is an inmate currently confined at the Cheshire Correctional Institution in Cheshire, Connecticut, brings this action pro se for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his 1989 Connecticut convictions for murder, robbery and escape. The respondent moves to dismiss the amended petition as barred by the statute of limitations. For reasons that follow, the motion to dismiss is being granted.

## I.   Legal Standard

A federal court will entertain a petition for writ of habeas corpus challenging a state court conviction only if the petitioner claims that his custody violates the Constitution or federal laws or treaties. *See* 28 U.S.C. § 2254(a). A claim that a state court conviction was obtained in violation of state law is not cognizable in the federal court. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

Federal habeas corpus statutes impose a one-year statute of limitations on federal petitions for a writ of habeas corpus challenging a judgment of conviction imposed by a state court. *See* 28 U.S.C. § 2244(d)(1).  A state prisoner seeking federal habeas relief must file his petition within one year of the latest of:

> (A) the date on which the judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).  The limitations period may be tolled for the period during which a properly filed state habeas petition is pending.  *See* 28 U.S.C. 2244(d)(2).  A federal habeas petition does not toll the limitations period.  *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

The limitations period is not a "jurisdictional bar." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000). Consequently, the court may equitably toll the limitations

2

period set forth in 28 U.S.C. § 2244(d).  *See id.*  Equitable tolling may be applied in habeas cases only in extraordinary and rare circumstances and requires the petitioner to demonstrate "that he has been pursuing his rights diligently," and "extraordinary circumstances" "prevented [him from] timely filing" his petition.  *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks and citation omitted).  The threshold for establishing equitable tolling is very high.  *See Smith*, 208 F.3d at 17 (stating that the petitioner had not met the "high threshold" for establishing equitable tolling and acknowledging that equitable tolling applies "only in the rare and exceptional circumstance[]" (internal citation and quotation marks omitted)).

The standard is "reasonable diligence", with the determination based on whether the petitioner has shown that he "act[ed] as diligently as reasonably could have been expected *under the circumstances*". *Baldayaque v. United States*, 338 F.3d 145, 153 (2d Cir. 2003) (emphasis in original).  The petitioner must have "acted with reasonable diligence throughout the period he seeks to toll." *Smith*, 208 F.3d at 17 (citation omitted).

When considering whether extraordinary circumstances are present, the court considers "the severity of the obstacle impeding compliance with a limitations period." *Harper v. Ercole*, 648 F.3d

132, 137 (2d Cir. 2011) (citations omitted).  The inquiries into extraordinary circumstances and reasonable diligence are related. The petitioner must show "a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing." *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000).  A petitioner cannot establish the required causal relationship if, "acting with reasonable diligence," he "could have filed on time notwithstanding the extraordinary circumstances." *Id.*

## II.  <u>Background</u>

On October 27, 1989, in Connecticut Superior Court for the Judicial District of New Haven, the petitioner pleaded guilty to one count of murder in violation of Connecticut General Statutes § 53a-54a and one count of escape from custody in violation of Connecticut General Statutes § 53a-171.  *See* Am. Pet. Writ Habeas Corpus, Doc. No. 11-1 at 1-2.  On December 5, 1989, in Connecticut Superior Court for the Judicial District of Ansonia-Milford, the petitioner pleaded guilty to two counts of robbery in the first degree in violation of Connecticut General Statutes § 53a-134.  *See id.* at 2-3.

On December 15, 1989, in Connecticut Superior Court for the Judicial District of New Haven, a judge sentenced the petitioner to 50 years of imprisonment on one count of murder in violation of

4

Connecticut General Statutes § 53a-54a, five years of imprisonment on one count of escape from custody in violation of Connecticut General Statutes § 53a-171, ten to fifteen years of imprisonment on one count of robbery in the first degree in violation of Connecticut General Statutes § 53a-134 and ten to fifteen years of imprisonment on a second count of robbery in the first degree in violation of Connecticut General Statutes § 53a-134.  *See* Am. Pet. Writ Habeas Corpus, Doc. No. 11 at 2, Doc. No. 11-1 at 1-4.  The sentences for the escape and robbery charges were to be served concurrently to the 50-year sentence on the murder charge for a total effective sentence of 50 years of imprisonment.  *See* Am. Pet. Writ Habeas Corpus, Doc. No. 11 at 2, Doc. No. 11-1 at 3-4.

The petitioner appealed the convictions.  *See State v. Niblack*, 596 A.2d 407 (Conn. 1991).  On August 20, 1991, the Connecticut Supreme Court affirmed the judgments of conviction. *See id.* at 409, 414.

On July 2, 1993, the petitioner filed a habeas petition in state court raising ineffective assistance of counsel claims. *See Niblack v. Warden*, No. CV931725, 2002 WL 2031381, at *1 (Conn. Super. Ct. July 31, 2002).  Later in 1993, the petitioner filed a second state habeas petition, *Niblack v. Warden*, No. CV93-1731. On December 4, 1996, the petitioner filed a motion to consolidate the two state habeas petitions and also filed an amended petition.

5

A judge subsequently granted the motion to consolidate the two habeas petitions.

On July 31, 2002, after a three-day trial in the consolidated action, a judge denied the amended petition habeas petition.  The petitioner appealed the denial of the amended habeas petition.  *See Niblack v. Comm'r of Correction,* 834 A.2d 779, 780 (Conn. App. 2003).  On November 25, 2003, the Connecticut Appellate Court dismissed the appeal.  On January 22, 2004, the Connecticut Supreme Court denied the petition for certification to appeal the decision of the appellate court.  *See Niblack v. Comm'r of Correction*, 841 A.2d 219, 219 (Conn. 2004).

The petitioner asserts that at some point prior to June 2003, he filed another state habeas petition.[1]  *See* Am. Pet. Writ Habeas Corpus, Doc. No. 11 at 6.  A judge dismissed the petition on June 17, 2003.  The petitioner did not appeal the dismissal.

In December 2005, the petitioner filed another state habeas petition in state court.[2]  *See* Am. Pet Writ Habeas Corpus, Doc. No.

---

[1] The petitioner refers to this petition as his second state habeas petition.  It is evident, however, that this petition was in fact his third state habeas petition as he had previously filed two state habeas petitions in 1993, that were later consolidated by the judge.  *See Niblack*, 2002 WL 2031381, at *1.

[2] The petitioner refers to this petition as his third state habeas petition.  It is evident, however, that this petition was in fact his fourth state habeas petition as he had previously filed three state habeas petitions.  *See Niblack*, 2002 WL 2031381, at *1; Am. Pet. Writ Habeas Corpus, Doc. No. 11 at 6.

11 at 7.  On January 11, 2007, the petitioner filed an amended petition in that action.  *See* Am. Pet. Writ Habeas Corpus, Doc. No. 11-5 at 1-4.  On June 26, 2009, a judge denied the petition.  *See Niblack v. Warden,* No. CV064000876, 2009 WL 7181719, at *8 (Conn. Super. Ct. June 26, 2009).  The petitioner appealed the decision.  *See Niblack v. Comm'r of Correction*, 33 A.3d 761, 762 (Conn. App. 2011).  On December 13, 2011, the Connecticut Appellate Court dismissed the appeal.  On January 25, 2012, the Connecticut Supreme Court denied the petition for certification to appeal the decision of the appellate court.  *See Niblack v. Comm'r of Correction*, 36 A.3d 240, 240 (Conn. 2012).

The petitioner initiated this action on December 12, 2012.  He filed an amended petition on November 25, 2014.  *See* Am. Pet. Writ Habeas Corpus, Doc. No. 11.

On September 5, 2014, the petitioner filed a fifth habeas petition in state court.  *See id.* at 28; *Niblack v. Warden,* No. CV14-4006576-S (Conn. Super. Ct. Sept. 5, 2014).[3]  That petition remains pending.  *See id.*

---

[3] Information regarding this case may be found at: http://www.jud.ct.gov/jud2.htm under Civil/Family/Housing Case Look-up and Docket Number Search using TSR-CV14-4006576-S.  (Last visited on March 15, 2016).

7

III. **Discussion**

The respondent argues that the petition is barred by the statute of limitations.  The petitioner contends that he is entitled to tolling of or an exception to the statute of limitations.

On direct appeal, the Connecticut Supreme Court affirmed the judgments of conviction on August 20, 1991.  Thus, the petitioner's convictions became final on November 18, 1991, at the conclusion of the 90-day period within which petitioner could have filed a petition for certiorari seeking review by the United States Supreme Court of the decision of the Connecticut Supreme Court affirming his convictions.  *See Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir. 2001)(holding that if petitioner had appealed to state's highest court, direct appeal also included filing petition for writ of certiorari in Supreme Court or the expiration of time within which to file petition).  Because the petitioner's convictions became final before the enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, he is entitled to the one-year grace period within which to file a federal habeas petition, or until April 24, 1997.  *See Ross v. Artuz*, 150 F.3d 97, 102-03 (2d Cir. 1998) (holding that if petitioner's conviction became final before the AEDPA's effective date of April 24, 1996, and no pending petition for collateral

8

relief would toll the statute of limitations, petitioner must file his federal habeas corpus petition within one year after the enactment of the AEDPA, or on or before April 24, 1997).

The petitioner, however, filed two state habeas petitions in 1993 and those consolidated petitions remained pending in the Connecticut Superior Court until July 31, 2002. *See Niblack*, No. CV931725, 2002 WL 2031381, at *1, *11 (Conn. Super. Ct. Jul. 31, 2002) (first and second petitions filed in 1993, consolidated in December 1996, and amended consolidated petition denied in July 2002, after a three-day trial).  The petitioner appealed the denial of the consolidated state habeas petitions to the Connecticut Appellate and Supreme Courts. *See Niblack*, 834 A.2d 779 (Conn. App. 2003), *cert. denied*, 267 Conn. 916, 841 A.2d 219 (2004).  The judgments became final on January 22, 2004, when the Connecticut Supreme Court denied the petition for certification to appeal from the decision of the Connecticut Appellate Court.[4]  The limitations

---

[4] A state habeas petition is not considered to be pending during the time a petitioner could have and did file or could have and did not file a petition for writ of certiorari to the United States Supreme Court. *See Lawrence v. Florida*, 549 U.S. 327, 329, 334–37 (2007)(habeas petition is not "pending" for purposes of 28 U.S.C. § 2244(d)(2) when state courts have entered a final judgment but a petition for certiorari has been filed in U.S. Supreme Court); *Smaldone v. Senkowski,* 273 F.3d 133, 137–38 (2d Cir.2001) ("ninety-day period during which a petitioner could have but did not file a certiorari petition to the United States Supreme Court from the denial of a state post-conviction petition" is excluded from tolling under 28 U.S.C. § 2244(d)(2)).

period was tolled during the pendency of the first and second consolidated state habeas petitions.[5] *See* 28 U.S.C. 2244(d)(2) (limitations period may be tolled for the period during which a properly filed state habeas petition is pending).

The statute of limitations began to run on January 23, 2004, the day after the Connecticut Supreme Court denied the petition for certification to review the denial of the consolidated first and second state habeas petitions, and expired one year later on January 22, 2005.  The petitioner did not file his fourth state habeas petition until December 2005.  Thus, it is apparent that the current federal petition is barred by the statute of limitations.

The petitioner argues that his petition is timely pursuant to 28 U.S.C. § 2244(d)(1)(C).  He contends that United States Supreme Court's decisions in *Missouri v. Frye*, ___ U.S. ___, 132 S. Ct. 1399 (2012), and *Lafler v. Cooper*, ___ U.S. ___, 132 S. Ct. 1376 (2012) state new rules of constitutional law that provide him with an exception to the date on which the limitations period begins to run.  *Lafler* and *Frye*, however, did not recognize new constitutional rights that apply retroactively on collateral

---

[5] The third state habeas petition does not impact the limitations period because a state court judge dismissed the petition in June 2003, before the petitioner had exhausted his appeals, and the petitioner did not appeal the dismissal of the second petition.  *See* Am. Pet. Writ Habeas Corpus, Doc. No. 11 at 6.

review.  *See United States v. Gallagher*, 711 F.3d 315, 316 (2d Cir. 2013)("Neither *Lafler* nor *Frye* announced a new rule of constitutional law: Both are applications of *Strickland v. Washington*, 466 U.S. 668 (1984). . . . [Additionally, the decisions did not] contain[] any express language as to retroactivity, and we have been unable to locate any subsequent decision giving either of them retroactive effect.") (internal quotation marks and citation omitted).  Thus, the petitioner's reliance on § 2244(d)(1)(C) is misplaced.

The petitioner also claims that he was not aware of the statute of limitations until the attorney who represented him in the fourth state habeas petition mentioned it to him.  At that time, however, the statute of limitations had already run.

The petitioner states that none of the correctional facilities in which he was confined after his sentencing in 1989 contained law libraries or legal materials regarding the statute of limitations. He contends that the State of Connecticut should have provided him with notice of the statute of limitations.  He argues that this is an extraordinary circumstance that entitles him to equitable tolling of the statute of limitations.

The fact that the petitioner may not have known about the one-year statute of limitations for filing a federal habeas petition does not constitute an extraordinary circumstance to excuse the

untimely filing of a federal habeas petition.  The Second Circuit and district courts within the Circuit, are consistent in holding that neither a petitioner's pro se status, nor his unfamiliarity with the law, nor his lack of access to legal materials/assistance constitute an extraordinary circumstance or an impediment that provides a basis to toll the statute of limitations.  *See, e.g., Smith*, 208 F.3d at 18 (pro se status does not warrant equitable tolling); *Adkins v. Warden*, 585 F. Supp. 2d 286, 297-99 (D. Conn. 2008) (holding solitary confinement, lack of physical access to a law library, unfamiliarity with the law and legal rights and limited high school education did not constitute extraordinary circumstances sufficient to warrant tolling of limitations period), *aff'd*, 534 F. App'x. 564 (2d Cir. 2009); *Walker v. McLaughlin*, No. 04-cv-6172(VEB), 2008 WL 941719, at *5 (W.D.N.Y. Apr. 4, 2008) (citing cases holding that ignorance of the law, illiteracy, lack of access to law clerks, and lack of fluency in English are not extraordinary circumstances warranting equitable tolling); *Francis v. Miller*, 198 F. Supp. 2d 232, 235 (E.D.N.Y. 2002) ("ignoran[ce] of the law and legal procedure" is not an "extraordinary circumstance[] that warrant[s] equitable tolling"); *Martinez v. Kuhlmann*, No. 99 Civ. 1094(MBM)(AJP), 1999 WL 1565177, at *5 (S.D.N.Y. Dec. 3, 1999)("[D]ifficulty obtaining assistance in legal research from other prisoners or prison staff, is not sufficiently

extraordinary to merit equitably tolling the AEDPA's one-year statute of limitations, since these are disabilities common to many prisoners.").

Thus, the fact that the Department of Correction may not have provided the petitioner with access to a law library to research the filing of a federal habeas petition or provided him with legal materials containing the statute of limitations does not constitute an extraordinary circumstance warranting tolling of the limitations period.  The petitioner offers no other basis for tolling the statute of limitations.  Accordingly, the motion to dismiss should be granted on the ground that the petition is barred by the statute of limitations.

## IV.  Conclusion

The Motion to Dismiss [**Doc. No. 20**] is hereby **GRANTED**.  The Amended Petition for Writ of Habeas Corpus [**Doc. No. 11**] is **DISMISSED** as barred by the statute of limitations.  *See* 28 U.S.C. § 2244(d)(1).  The court concludes that jurists of reason would not find it debatable that petitioner failed to timely file his petition.  Thus, a certificate of appealability will not issue. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that, when the district court denies a habeas petition on procedural grounds, a certificate of appealability should issue if jurists of reason

would find debatable the correctness of the district court's
ruling).

The Clerk is directed to enter judgment and close this case.

It is so ordered.

Signed this 21st day of March, 2016 at Hartford,
Connecticut.

_____ /s/AWT_____
Alvin W. Thompson
United States District Judge